## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Darcey Duncan,                                     Case No. 23-cv-646 (KMM/EMB)

           Plaintiff,

v.

                                        **ORDER**

Richard Duncan, in his capacity as
Chisago County Sheriff; and Chisago
County,

           Defendants.

Plaintiff Darcey Duncan ("Darcey") brought this action under 42 U.S.C. § 1983 against Defendants Richard Duncan ("Duncan") and Chisago County for sexual abuse that Duncan perpetrated on her while he was serving as the county sheriff. Darcey brought a *Monell* claim,[1] asserting that the County is liable for Duncan's violations of her federal constitutional rights. Darcey also brought state-law tort claims against Duncan and argues that the County is vicariously liable.

The Court recently ruled on the parties' cross-motions for summary judgment. Relevant here, the Court denied the County's motion, concluding that Duncan's conduct was taken under color of law and that the County was liable under *Monell*. (Dkt. No. 142.) The County subsequently moved for a correction to the Order, requesting that the Court address whether the County could be held vicarious liability for Darcey's tort claims. (Dkt. No. 128.) The Court denied the request because the argument was not properly raised. (Dkt.

---

[1] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)

No. 134.) The County now moves to certify two issues for interlocutory appeal: (1) whether Duncan acted "under color of state law" when he sexually abused Darcey; and (2) whether Duncan's conduct "could fairly be said to represent official policy of [the] County," as required for *Monell* liability here. (Dkt. No. 136; Dkt. No. 139 at 4.) For the reasons discussed below, the County's motion is denied.

## DISCUSSION

Interlocutory appeals are a "narrow exception" to the general rule that "a party must ordinarily raise all claims of error in a single appeal following final judgment on the merits[.]" *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374 (1981). Because interlocutory appeals may undermine "the important purpose of promoting efficient judicial administration," *id.*, and "most often . . . result in additional burdens on both the court and the litigants," *Union Cnty. v. Piper Jaffray & Co.*, 525 F.3d 643, 646 (8th Cir. 2008), they are disfavored. District courts have discretion to certify an interlocutory appeal but must do so "sparingly and with discrimination." *White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994) (quoting *Control Data Corp. v. Int'l Bus. Machs. Corp.*, 421 F.2d 323, 325 (8th Cir. 1970)) (reviewing a district court's decision to certify an interlocutory appeal for an abuse of discretion).

A party moving for interlocutory-appeal certification "bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted." *Id.* Specifically, the moving party must establish that: (1) "the [district court's] order involves a controlling question of law"; (2) "there is substantial ground for difference of opinion" on the question; and (3) "immediate appeal from the order may materially

2

advance the ultimate termination of the litigation[.]" 28 U.S.C. § 1292(b); *see also White*, 43 F.3d at 377. Certification is only proper if each element is met. *Fair Isaac Corp. v. Fed. Ins. Co.*, 729 F. Supp. 3d 884, 892 (D. Minn. 2024) (noting that the test under § 1292(b) is conjunctive, and the movant's failure to establish any element provides a basis to deny certification).

## I.    Controlling Question of Law on Which There Is Substantial Ground for Difference of Opinion

In this context, a controlling question of law is one where "resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981); *see also Varela v. State Farm Mut. Auto. Ins. Co.*, No. 22-cv-970 (JRT/DTS), 2023 WL 5021182, at *3 (D. Minn. Aug. 7, 2023) (stating that a question of law is controlling "if reversal of the district court's order would terminate the action, or even if its resolution is quite likely to affect the further course of litigation" (quotation omitted)). "[O]nly 'pure' questions of law," and not mixed questions of law and fact, "may be certified for interlocutory appeal." *Minn. ex rel. N. Pac. Ctr., Inc. v. BNSF Ry. Co.*, No. 08-cv-6385 (PAM/LIB), 2010 WL 11537448, at *2 (D. Minn. Sept. 30, 2010) (citing *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004)). This means "[a] grant [or denial] of summary judgment based on the presence or absence of material issues of fact generally does not involve a controlling question of law." *Munn v. Kraft Foods Glob., Inc.*, 455 F. Supp. 2d 939, 940 (S.D. Iowa 2006) (quotation omitted); *id.* at 940–41 (noting that a "question of law as used in section 1292(b)" refers to "a pure question of law . . . [that] the court of appeals could decide

quickly and cleanly without having to study the record" (quoting *Ahrenholz v. Bd. of Trs. of the Univ. of Ill.*, 219 F.3d 674, 676 (7th Cir. 2000))).

The movant must also show that there exists a "substantial ground for difference of opinion" on the issue, including by identifying "a sufficient number of conflicting and contradictory opinions." *White*, 43 F.3d at 378 (quotations omitted). The district court must then "examine to what extent the controlling law is unclear." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). "Courts traditionally will find that a substantial ground for difference of opinion exists where the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, . . . or if novel and difficult questions of first impression are presented." *Id.* (quotations omitted).

### A.    "Under Color of Law"

The under-color-of-law issue is "controlling" in that its resolution "could materially affect the outcome of" the case. *See Cement Antitrust Litig.*, 673 F.2d at 1026. As the Court noted in its Order denying the County's summary-judgment motion, whether Duncan acted under color of law presents a threshold question because "a valid [§ 1983] claim against Duncan is necessary before the County can potentially be liable for Duncan's conduct." (Dkt. No. 142 at 6–7.) However, the issue is not a pure question of law. Indeed, the under-color-of-law question is a "fact intensive" inquiry that required the Court to engage with the particular facts of this case.[2] *See Ramirez-Peyro v. Holder*, 574 F.3d 893, 900–01 (8th Cir. 2009) (listing facts a court must consider when determining whether an officer acted

---

[2] *See* Dkt. No. 142 at 8–9 (detailing relevant facts).

under color of law). The issue is not one that "the court of appeals could decide quickly and cleanly without having to study the record." *Ahrenholz*, 219 F.3d at 676.

Moreover, in arguing that there is "substantial ground for difference of opinion" on the under-color-of-law issue, the County claims that "the Eighth Circuit has reached a different conclusion on very similar facts" and points to one case. (Dkt. No. 139 at 6 (citing *Roe v. Humke*, 128 F.3d 1213 (8th Cir. 1997)).) But one case does not necessarily suggest that the controlling law is unclear. And, in any event, the Court carefully considered *Roe*, which the County addressed in its summary-judgment briefing (Dkt. No. 115 at 7–8), when ruling on the parties' cross-motions and found it to be distinguishable. "A party's strong disagreement with the Court's ruling is not sufficient for there to be a substantial ground for difference." *Couch*, 611 F.3d at 633 (cleaned up).

### B.    *Monell* Liability

Whether Duncan's conduct "could fairly be said to represent official policy" of the County presents a closer call as to whether certification is appropriate. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 480–81 (1986) (establishing avenue for *Monell* liability (quoting *Monell*, 464 U.S. at 694)). The Court acknowledges that this difficult issue appears to be the subject of differences of opinion across circuits. *See Couch*, 611 F.3d at 633 (stating that a circuit split can suggest a substantial ground for difference of opinion on an issue). However, in concluding that Duncan's conduct represented official policy and therefore *Monell* liability attached to the County, the Court largely applied binding precedent and otherwise relied on out-of-circuit cases to navigate the extent to which that precedent was applicable to the unique facts of this case. (*See* Dkt. No. 142 at 11–12 (citing

*Bolderson v. City of Wentzville*, 840 F.3d 982, 985 (8th Cir. 2016)); *see also id.* at 12–15.) "That settled law might be applied differently does not establish a substantial ground for difference of opinion." *Couch*, 611 F.3d at 633.

Nevertheless, the County maintains that "[t]he Eighth Circuit has not directly addressed this question and has only addressed policymaker liability in other contexts." (Dkt. No. 139 at 7). Although the Court agrees that there may have been less guiding authority than usual on the issue, *Bolderson* squarely addressed when, under *Pembaur*, "[a] single decision by a municipal authority can . . . constitute official policy[.]" 840 F.3d at 985; *see Piper Jaffray & Co.*, 525 F.3d at 647 ("'[A] dearth of cases' does not constitute substantial ground for difference of opinion." (quoting *White*, 43 F.3d at 378)). Again, this does not appear to be a "pure question of law" that the court of appeals could decide "quickly and cleanly" independent of the record. *Ahrenholz*, 219 F.3d at 676.

## II.    Materially Advance the Ultimate Termination of Litigation

Finally, the Court considers whether an interlocutory appeal would materially advance the ultimate termination of litigation. 28 U.S.C. § 1292(b). This factor is met "if there would be a great amount of time and expense required to proceed with litigation in comparison with the time and expense of staying the proceedings and pursuing an immediate appeal." *Fenton v. Farmers Ins. Exch.*, No. 07-cv-4864 (JRT/FLN), 2010 WL 1006523, at *3 (D. Minn. Mar. 16, 2010). But here, a damages trial is all that remains as to Darcey's federal claims. And, even if the Court of Appeals agreed that the County was entitled to summary judgment on Darcey's federal claims, the Court would likely retain jurisdiction over the remaining state-law tort claims for which the Court has already

granted summary judgment in Darcey's favor. *See, e.g., Eddings v. City of Hot Springs*, 323 F.3d 596, 600 (8th Cir. 2003) (affirming the district court's decision to decline to retain jurisdiction over plaintiff's state-law claims after federal claims were resolved in defendants' favor on summary judgment); *Rodowicz v. Mass. Mut. Life Ins. Co.*, 192 F.3d 162, 169 n.5 (1st Cir. 1999) (noting that a district court "has discretion to decide state law claims [after] federal claim is dismissed" after considering "'concerns of comity, judicial economy, convenience, fairness, and the like" (quotation omitted)). Because the case "will be conducted in substantially the same manner regardless of [the appellate court's] decision," *White*, 43 F.3d at 378, the efficiency in allowing an immediate appeal over proceeding in the usual course of litigation is minimal. Therefore, an interlocutory appeal "cannot be said to materially advance the ultimate termination of the litigation." *Id.*

In sum, the Court concludes that an interlocutory appeal is not appropriate.

## ORDER

For the foregoing reasons, the County's Motion to Certify Interlocutory Appeal (Dkt. No. 136) is **DENIED**.


Date: December 30, 2025                    *s/Katherine Menendez*
                                           Katherine Menendez
                                           United States District Judge